IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA,**

No. 3:13-CR-00059-01-MO

v.

OPINION AND ORDER

**JOHN DOE,**
**a.k.a. Gerardo Luna-Rodriguez,**
**a.k.a. Juan Luis Pulido,**
**a.k.a. Pariente,**

Defendant.

**MOSMAN, J.,**

This matter comes before the Court on Defendant's Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255 [384]. For the reasons set forth below, I DENY Defendant's motion.

## BACKGROUND

On September 15, 2014, Defendant pled guilty to two charges: (1) conspiracy to distribute and possess with the intent to distribute methamphetamine and heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Case No. 3:13-CR-00059-01-MO); and (2) making false statements in an application for a passport, in violation of 18 U.S.C. § 1542 (Case No. 3:13-CR-00060-01-MO). As part of his plea agreement, Defendant purportedly waived his

1 – OPINION AND ORDER

right to appeal or collaterally attack the convictions on any grounds other than ineffective assistance of counsel. The Court accepted his plea and, on February 25, 2015, sentenced Defendant to 87 months' imprisonment, followed by five years of supervised release. Defendant did not appeal his convictions, but he filed the present motion on June 6, 2016.

## LEGAL STANDARD

When a petitioner makes a § 2255 motion, he is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255 (West 2008). The Ninth Circuit has "characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Accordingly, "[a] hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Schaflander*, 743 F.2d at 717.

## DISCUSSION

Even though Defendant filed the motion at issue here with the docket for his drug conviction, the arguments he presents relate almost completely to his companion case, which involved making false statements in an application for a passport. Still, it is difficult to decipher the claims he makes.

Defendant seems to allege that: (1) federal agents made false statements based on inadmissible evidence in the case against him; (2) his name is, in fact, Juan Luis Pulido-Carbajal; and (3) he suffered from ineffective assistance of counsel. Despite these assertions, however, Defendant states that he is not challenging his plea agreement, conviction, or sentence. Rather, it

seems he is merely seeking the right to use a version of the name "Juan Luis Pulido-Carbajal" and to be recognized as a U.S. citizen. To the extent Defendant has filed a § 2255 motion, it is time-barred because it was filed more than one year after Defendant's judgment of conviction became final. Moreover, a motion pursuant to 28 U.S.C. § 2255 is not the proper avenue to obtain the relief Defendant seeks.

### I.    Time Limit for Filing a Motion for Relief Under 28 U.S.C. § 2255

Motions filed pursuant to 28 U.S.C. § 2255 are subject to a "1-year period of limitation" which runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). In most cases, the one-year period is triggered by the first event, "the date on which the judgment of conviction becomes final." *U.S. v. Shwartz*, 274 F.3d 1220, 1222 (9th Cir. 2001). Although the statute does not define "final," the Ninth Circuit has held that a judgment of conviction is final at the time the ability to file an appeal expires. *Id.* at 1223. In a criminal case, a person's notice of appeal must be filed within 14 days of the judgment of conviction. Fed. R. App. P. 4. Thus, if a person fails to file a notice of appeal, the judgment of conviction becomes final on the expiration of the fourteenth day. *See Shwartz*, 274 F.3d at 1223.

3 – OPINION AND ORDER

A court may toll the one-year limitation period if the person seeking relief establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2005). That being said, "the threshold necessary to trigger equitable tolling . . . is very high." *Aguirre-Ganceda*, 592 F.3d at 1045 (quoting *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006)).

Defendant's judgment of conviction became final on March 11, 2015, which was 14 days after the judgment of conviction was entered. The one-year limitation period began to run on this date, as Defendant alleges no facts to suggest a separate triggering event or to justify equitable tolling. Thus, Defendant had until March 11, 2016 to pursue post-conviction relief under 28 U.S.C. § 2255. Defendant, however, did not file the motion at issue here until June 6, 2016, almost three months too late. Consequently, his motion is time-barred.[1] While the Government offers other, substantive reasons for denying Defendant's motion, I do not consider the merits of those arguments.

## II.    Relief Under 28 U.S.C. § 2255 Generally

Under 28 U.S.C. § 2255, a person in federal custody "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." If a court finds that the sentence was imposed in violation of federal law, it may grant a new trial, discharge the person in custody, or correct the sentence that was imposed.

---

[1] Defendant argues that no limitations period applies here because his injury is "on-going." In support of this argument, Defendant relies on cases that discuss the "continuing wrong doctrine." *See, e.g.*, *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001); *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430-31 (10th Cir. 1996). The Ninth Circuit defines this doctrine as involving "repeated instances or continuing acts of the same nature, as for instance repeated acts of sexual harassment or repeated discriminatory employment practices." *Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir. 1995) (citation omitted)." Defendant's reliance on the doctrine is unavailing. Under a § 2255 motion, the alleged wrong is that the court's sentence was imposed in violation of the law. This wrong, by its very nature, is not ongoing. Otherwise, the statute of limitations would never be applicable.

§ 2255(b); *see also United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

Even though Defendant seems to allege several constitutional violations, he does not

challenge the lawfulness of his conviction or sentence. In fact, at several points in his reply,

Defendant states:

> The Government's counsel are trying to misconstrued this claim, as a matter of collateral
> attack against my plea Agreement my conviction or my sentence, to which the petitioner,
> are not doing. All petitioner, are doing is attacking, are the deprivation of his
> Constitutional right to which he are being deprived of his rights to used his rightful name,
> and his birthright Nationality of being an American.

In other words, Defendant does not seek to vacate or correct his previously imposed sentence.

Rather, it seems Defendant is seeking some sort of declaratory relief that would allow him to use

a version of the name "Juan Luis Pulido-Carbajal" and be recognized as an American.

Regardless of whether such relief is available, a motion pursuant to 28 U.S.C. § 2255 is not the

proper avenue to pursue it.

## CONCLUSION

For the foregoing reasons, I DENY Defendant's Motion to Vacate or Correct Sentence

pursuant to 28 U.S.C. § 2255 [384]. I also DENY any request for a certificate of appealability

because Defendant has not "made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __9th__ day of January, 2017.

/s/ Michael W. Mosman _____
MICHAEL W. MOSMAN
Chief United States District Judge